UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO SOLIS-BECERRIL,<br><br>         Petitioner,<br><br>v.<br><br>KRISTI NOEM; PAMELA BONDI; TODD M. LYONS; JESUS ROCHA; and CHRISTOPHER J. LAROSE,<br><br>         Respondents. | Case No.: 3:25-cv-3002-JES-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF NOS. 1, 2]** |

  Before the Court is Petitioner Sergio Solis-Becerril's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner concurrently filed a Motion for Temporary Restraining ("TRO"). ECF No. 2. Pursuant to the Court's order to show cause (ECF No. 3), Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 5, 9. For the reasons set forth below, the Court **GRANTS** the petition.

### I. BACKGROUND

  Petitioner, a native of Mexico, entered the United States at or near Tecate, California, around March 1, 1997. ECF No. 5-1 at 4. He was arrested and convicted for a misdemeanor

DUI charge in 2012. ECF No. 1 ¶ 46. After the arrest, he was transferred to the custody of Immigration and Customs Enforcement ("ICE"), charged with being an inadmissible alien under 8 U.S.C. § 1182(a)(6)(A)(i), and placed into removal proceedings. *Id.* ¶ 47; ECF No. 5-1, Ex. 1. Pending his removal proceedings, in March 2012, he was released on his own recognizance. ECF No. 5-1 at 5.

Petitioner states that his removal proceedings were administratively closed in December 2012, but were re-calendared before the San Diego Immigration Court on a motion by the government in July 2025. ECF No. 1 ¶ 48. He attended a Master Calendar hearing in immigration court on October 10, 2025. *Id.* ¶ 49. After the hearing, he alleges that he reported to ICE's Enforcement and Removal Operations ("ERO") in compliance with a "call-in" letter he had received in the mail, and he was taken into custody at that time. *Id.* He is currently being detained at the Otay Mesa Detention Center. *Id.*

After his detention, Petitioner alleges that ICE issued a custody determination to continue to detain him without an opportunity to post bond or be released on other conditions. *Id.* ¶ 50. He subsequently requested a bond redetermination before an Immigration Judge ("IJ"). *Id.* ¶ 51. On October 25, 2025, the IJ denied the request on the basis that the court lacked jurisdiction to conduct a bond redetermination pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id.*

Petitioner alleges in his complaint that he should not be subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and should rather be subject to § 1226(a). *Id.* ¶¶ 53-55. As such, his detention without a meaningful bond hearing violates § 1226. He brings several causes of action, but all are predicated on this same position. *Id.* ¶¶ 56-66. He seeks either release or that the Court order a bond hearing pursuant to § 1226.

## II.     LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody."

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.   DISCUSSION

In Respondents' return to the petition, they raise several issues: (1) Petitioner's claim and requested relief is jurisidictionally barred by 8 U.S.C. § 1252; (2) alternatively, if not barred, Petitioner must exhaust administrative remedies; and (3) Petitioner is lawfully detained under § 1225 and it is that section, rather than § 1226, that applies to his detention. ECF No. 5.

Respondents' arguments with regards to jurisdiction, administrative exhaustion, and applicability of § 1225 versus § 1226 are identical to those recently addressed by the undersigned in *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). In that decision, this Court held that the Court finds that the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not strip it of jurisdiction to hear similar claims challenging detention without an adequate bond hearing, and that any further administrative exhaustion requirements are waived in light of *Matter of Yajure Hurtado*. Further, the Court, along with many others, held that it is § 1226 that applies to noncitizens that have be detained when after residing in the United States for a period of time. The Court adopts it reasoning as to these issues and incorporates it by reference. *See also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same).

As applied here, there is no dispute that Petitioner was re-detained by ERO after his Immigration Court appearance in San Diego, California, after having already resided in the

United States for many years. Therefore, it is § 1226's discretionary detention that applies to him, rather than § 1225's mandatory discretion as Respondents urge,[1] and Petitioner is entitled to a meaningful bond determination, not solely based on *Matter of Yajure Hurtado*. Accordingly, the Court **GRANTS** Petitioner's petition on this ground.

## IV.  CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1) Petitioner's petition for writ of habeas corpus is **GRANTED**;

(2) Petitioner's motion for TRO is **DENIED AS MOOT**;

(3) The Court **ORDERS** Respondents to provide Petitioner with a bond redetermination hearing under 8 U.S.C. § 1226(a) within **ten days** of this Order. At the hearing, Respondents may not deny Petitioner bond on the basis that he is detained under 8 U.S.C. § 1225(b)(2);

(4) Respondents are **ORDERED** to FILE a Notice of Compliance within ten days of providing Petitioner with a bond redetermination hearing;

(5) The Clerk of Court **SHALL** enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED.**

Dated: November 19, 2025

Honorable James E. Simmons Jr.
United States District Judge

---

[1] Though Petitioner raises that he was previously convicted of a misdemeanor DUI offense, neither party argues or addresses any potential interplay between that offense and the mandatory detention provision of § 1226(c) and Respondents do not take the position that Petitioner is subject to detention under that provision. *See* 8 U.S.C. § 1226(c) (identifying certain criminal offenses that subject an alien to mandatory detention). Regardless, misdemeanor DUI offenses generally do not trigger mandatory detention under that provision. *See Ortiz v. Napolitano*, 667 F. Supp. 2d 1108, 1115 (D. Ariz. 2009) (holding that DUI conviction "is not a removable offense and does not trigger the mandatory detention provision");